IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

O.Z. MARTIN,

    Plaintiff,                      No. CIV S-04-2234 FCD KJM P

    vs.

EDWARD ALAMEIDA, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro per with a civil rights action under 42 U.S.C. § 1983. Defendants Traquina, Thor, Carey and Alameida have filed a motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim. They also argue they are entitled to qualified immunity.

        In his complaint, plaintiff alleges he was assaulted in February 2000 while a pretrial detainee in Alameda County; as a result, he suffered an orbital eye fracture and the loss of a significant portion of one ear. Compl. ¶¶ 64-66. He was transferred to state prison before receiving reconstructive surgery for his ear. Id. ¶ 68. This surgery, he alleges, was not elective, cosmetic surgery but was "prescribed and ordered" to treat a serious medical need. Compl. ¶¶ 70-71, 82, 87. He alleges that defendants Traquina and Thor, medical officers at California State Prison, Solano, were responsible for medical care of inmates and yet acquiesced in the

1

denial of plaintiff's surgery. Id. ¶¶ 22-33. Plaintiff claims that defendants Alameida, former director of the Department of Corrections, and Carey, warden of CSP-Solano, were responsible for enforcing policies guaranteeing medical care for inmates, failed to train medical staff, and acquiesced in a policy of denying surgery for plaintiff's serious medical need. Id. ¶¶ 1-2, 55, 59-62, 82. The denial of surgery became final in 2003. Id. ¶ 84.

A. Exhaustion Of Administrative Remedies

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of confinement" subject to exhaustion have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2); Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001); see also Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002). Exhaustion of available remedies is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).

California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims, Cal. Code Regs. tit. 15, § 3084.5, unless it is shown that administrative exhaustion is unavailable as a remedy.

To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint. Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"); Brown v. Sikes, 212 F.3d 1205, 1209 (11th Cir. 2000) ("1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process," but does not require

that he do more than that).

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. Defendants bear the burden of proving plaintiff's failure to exhaust. Id. at 1119.

Defendants Carey and Alameida allege that plaintiff has failed to exhaust his administrative remedies. Mem. P. & A. in Supp. Mot. To Dismiss (MTD) at 4-6. Specifically, they argue plaintiff did not file a grievance alleging that defendants Alameida and Carey failed properly to train medical personnel. Id. They support this claim with the declaration of S. Cervantes, Appeals Coordinator at CSP-Solano, who avers that a search of the database of inmate grievances did not uncover any grievance from plaintiff claiming defendants Alameida and Carey had failed to train medical personnel. Id., Ex. A (Declaration of S. Cervantes ¶¶ 5-6). They present no other documents in support of their claim even though they bear the burden of proving plaintiff's failure to exhaust. They do not assert that plaintiff filed no grievance about the denial of medical care, and the motion to dismiss on this ground is not joined by defendants Thor and Traquina. In this respect, defendants have not borne their burden of showing plaintiff failed to exhaust.

However, plaintiff has attached his grievance to the complaint. See Compl., Ex. A at 2. In the grievance, plaintiff complains generally of the institutional failure to provide him with reconstructive surgery for his ear. Id. As the Eleventh Circuit has noted:

> [N]aming the warden and commissioner in a grievance simply because they are the top officials in charge of the prison would not have advanced any of the policies underlying the exhaustion requirement.

Brown, 212 F.3d at 1209. And as the Ninth Circuit has observed, when an inmate has followed

the instruction on the grievance form to "describe the problem," he has "availed himself of the administrative process the state gave him." Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002) ("the grievances must contain the sort of information that the administrative system requires").

Moreover, in the complaint plaintiff mentions defendants Alameida's and Carey's failure to train, but also claims that they acquiesced in the denial of medical care for his serious medical needs. Plaintiff's grievance, complaining of that precise lack of care, put the institution on notice of the gravamen of this action. His complaint should not be dismissed for failure to exhaust.

B. Failure To State A Claim

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

1. Claim By "Defendant Cervantes"

In a short and puzzling section, defendants argue that their failure to "grant his appeal for reconstructive ear surgery" does not state a claim because there is no constitutional right to have grievances processed in a particular fashion. At the close of the argument, counsel notes that "defendant Cervantes is entitled to summary judgment on plaintiff's Fourteenth Amendment claim." MTD at 6. Plaintiff did not name Cervantes as a defendant or include a

Fourteenth Amendment claim in the complaint; the court did not order that Cervantes be served with summons and complaint.  <u>See</u> order filed Dec. 10, 2004 at 2.

      2.  <u>Eighth Amendment Claim</u>

Defendants allege plaintiff has not pleaded an Eighth Amendment violation because in his grievance he did not claim to be in pain and the medical records attached to his complaint do not say that the ear surgery is medically necessary.  MTD at 7-8.

In <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under section 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  To establish deliberate indifference, plaintiff must show that defendants knew of and disregarded an excessive risk to his health or safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  A prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Id</u>.  The nature of a defendant's responses must be such that the defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need in order for "deliberate indifference" to be established.  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1060 (9th Cir. 1992), <u>overruled in part on other grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997).  Deliberate indifference may occur when prison officials deny, delay, or intentionally interfere with medical treatment, or may be demonstrated by the way in which prison officials provide medical care.  <u>Id.</u> at 1059-60.  However, a showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation.  <u>Estelle</u>, 429 U.S. at 105-06; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1130 (9th Cir. 1998).  Instead, an inmate must allege facts sufficient to indicate a culpable state of mind on the part of prison officials.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 297-99 (1991).  Accordingly, a difference of opinion about the proper course of treatment is not deliberate indifference nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  <u>See</u>,

e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Defendants have cited nothing to suggest that an inmate must be in pain in order to trigger the Eighth Amendment's mandate for medical care. The Supreme Court did use the term "wanton infliction of pain in Estelle," but it is the deliberate indifference to serious medical needs that constitutes the wanton infliction of pain. See Estelle, 429 U.S. at 105 (inadvertent failure to provide adequate medical care does not constitute unnecessary and wanton infliction of pain); Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir. 1996) (failure to provide prisoner with needed glasses states an Eighth Amendment claim even though inmate not in pain; it is the refusal of treatment that constitutes the infliction of pain); Williams v. Vincent, 508 F.2d 541, 544 (2d Cir. 1974) (inmate stated claim of Eighth Amendment violation when he alleged doctor threw away his severed ear and stitched the wound closed; doctor said inmate did not need his ear).

Plaintiff has attached portions of medical records from Alameda County's Highland Hospital; while they do not expressly say that the ear reconstruction is medically necessary, they also do not say it is strictly cosmetic. Indeed, the laconic notation on a Progress Record stamped "Surgery" says only "ear mid helical defect schedule in May for reconstruction." Compl., Ex. A at 5. In the body of the complaint, however, plaintiff alleges that the surgery had been prescribed and ordered. Id. ¶ 82. Taking the facts in the light most favorable to plaintiff, the court cannot say at this stage plaintiff will be unable to prove his Eighth Amendment claim. White v. Napoleon, 897 F.2d 103, 106, 110 (3d Cir. 1990) (claim for deliberate indifference stated where plaintiff alleged prison doctor disregarded instructions of prior doctors to use Valisone ointment to avoid side effects and to achieve effective treatment of ear infection). Plaintiff has not pleaded himself out of court through the use of exhibits. Cf. Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001), as amended, 275 F.3d 1187 (9th Cir. 2001) (a party may plead himself out of a claim by attaching documents that undercut his allegations).

/////

C. Qualified Immunity

Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In determining whether a governmental officer is immune from suit based on the doctrine of qualified immunity, that court must answer two questions. The first is, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? Saucier v. Katz, 533 U.S. 194, 201 (2001). A negative answer ends the analysis, with qualified immunity protecting defendant from liability. Id. As noted above, the court has found that plaintiff's complaint, construed in his favor, states an Eighth Amendment violation.

If a constitutional violation has occurred, a court must further inquire "whether the right was clearly established." Id. "If the law did not put the [defendant] on notice that [his] conduct would be clearly unlawful," he is entitled to the protection of qualified immunity. Id. at 202. The reasonableness of a defendant's conduct is judged "against the backdrop of the law at the time of the conduct." Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (citing Saucier). The defendant should not be subject to liability if the law at that time did not clearly establish that the defendant's actions would violate the Constitution. Id.

One way to establish deliberate indifference is to show that prison officials "intentionally interfer[ed] with [medical] treatment once prescribed. Estelle, 429 U.S. at 104-05. Thus, in one Ninth Circuit case, the inmate alleged that outside doctors who performed surgery on his jaw instructed the prison to give the inmate a liquid diet through a straw, but that prison officials provided a pureed diet, which he was unable to drink. The court found that, viewing the facts in the light most favorable to the inmate, a finder of fact could determine that officials "intentionally interfered with his previously prescribed medical treatment." Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000). Plaintiff alleges that defendants denied him the surgery in

7

1  2003.  Compl., ¶ 84 & Ex. A at 2 (602 form).  His right to receive medically necessary and
2  previously prescribed care was clearly established at that time.  Hamilton v. Endell, 981 F.2d
3  1062, 1067 (9th Cir. 1992) (defendants not entitled to qualified immunity when they ignored
4  orders of prisoner's prior physician for reasons unrelated to prisoner's medical needs), abrogated
5  on other grounds, Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1045 (9th Cir. 2002).
6  Whether defendants will be able to establish their right to qualified immunity on summary
7  judgment is a different question, not before the court at this time.  On this record, however, they
8  have not shown their entitlement to dismissal of the complaint.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 28, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2/mart2234.57