IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

O.Z. MARTIN,

    Plaintiff,                                No. CIV S-04-2234 FCD KJM P

    vs.

EDWARD ALAMEIDA, et al.,

    Defendants.                     <u>ORDER</u>

/

        Plaintiff, a state prison inmate proceeding pro per, has filed a motion for an order compelling defendants Alameida, Carey, Traquina, and Thor "to answer the following interrogatories and produce for inspection and copying the following documents pursuant to rules 33 and 34 of the Federal Rules Civil Procedure" [sic] and for sanctions for the defendants' failure to comply. Plaintiff has not attached those portions of the discovery requests or the responses thereto he believes were inadequate, but has listed several inquiries and responses and additional questions in separate sections of his motion.

        Defendants counter that plaintiff served defendants with a request for the production of documents, not interrogatories, and assert that they have complied. They also contend that plaintiff has posed questions in the motion to compel that were not included in his original discovery requests.

I.  <u>The Request For Production Of Documents</u>

Under Local Rule 34-250(c), a request for the production of documents is not to be filed "until there is a proceeding in which the request [or] response . . . is at issue"; plaintiff has not filed his request now that there is a dispute.  Defendants, however, have attached as Exhibit A their responses to plaintiff's first request for production of documents, reproducing the requests:

> REQUEST NO. 1: State the current addresses, job titles, duties and responsibilities for each defendant.  If this information is set forth in any document, produce the document.
>
> RESPONSE TO REQUEST NO. 1: Defendant objects to this request on the grounds that it is not a request for a document.  Without waiving this objection, copies of the duty statements for the Director or the California Department and Rehabilitation (CDCR), Warden, and Physician & Surgeon are being produced as Attachment 1.
>
> REQUEST NO. 2: State the names, current addresses, job titles, duties and responsibilities for each member of the CSP Solano Medical Authorization Review Committee that denied plaintiff's reconstructive ear surgery.  If this information is set forth in any document, produce the document.
>
> RESPONSE TO REQUEST NO. 2: Defendant objects to this request on the grounds that it is not a request for a document, vague as to the date of the MAR committee, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, and assuming that plaintiff is referring to the MAR Committee that denied his request for cosmetic surgery, copies of the duty statements for Physician & Surgeon are being produced as Attachment 1.

Defendants have also included the duty statements as attachments to their responses.

According to defendant's response, plaintiff's request was labeled a "First Request For Production Of Documents."   His attempts to combine interrogatories under Federal Rule of Civil Procedure 33 with a request for production of documents under Federal Rule of Civil Procedure 34 fails.  See <u>Britting v. Pennsylvania Greyhound Lines</u>, 10 F.R.D. 536 (N.D. Ohio 1950).  Defendants responded to that portion of plaintiff's request which called for a document, but declined to answer the questions posed.  This was proper.

## II. Discovery Sought

In the second part of his motion entitled "Discovery Sought," plaintiff poses interrogatories to the defendants, seeking information about their tenure in various jobs and the number of successful lawsuits against each. Defendants counter that these were not part of plaintiff's original discovery requests. In his reply, plaintiff claims to have served two discovery requests to defendants, implying that the questions he posed in the motion to compel were included in one of the requests. However, because plaintiff has not attached those portions of the requests, in contravention of Local Rules 33-250(c) and 34-250(c), this court cannot evaluate his claim.

To the extent plaintiff attempts to use the motion to compel to seek additional discovery is unavailing; a motion to compel is designed to secure a party's response when that party has refused to respond to requests. Fed. R. Civ. P. 37(a)(2)(B). Plaintiff's status as a pro se litigant does not excuse his failure to comply with the rules of procedure. Creative Gifts, Inc. v. UFO, 235 F.3d 540, 549 (10th Cir. 2000).

## III. Request for Sanctions

Plaintiff seeks sanctions of $100 a day from each defendant for their failure timely to respond to his discovery requests; it is unclear whether plaintiff seeks the same sanctions because of what he deems to be defendants' unacceptable response to his request for production of documents.

As noted above, on the record plaintiff has provided, this court cannot find that defendants' responses are vague or inadequate. Moreover, defendants' August 9, 2006 responses were timely with regard to plaintiff's June 22 request, within the forty-five days given in this court's discovery order of May 11, 2006 plus the three days permitted for mailing under Federal Rule of Civil Procedure 6(e) and Local Rule 6-136(a). Sanctions are not appropriate. See Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002) (sanctions appropriate when needed to ensure offending party will not

benefit from discovery failure).

    Accordingly, IT IS HEREBY ORDERED that plaintiff's August 23, 2006 motion to compel discovery is denied.

DATED: October 26, 2006.

                _____
                UNITED STATES MAGISTRATE JUDGE

2
mart2234.dd